FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 17 2010 ★
BROOKLYN OFFICE

C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
JOHN C. ALLEN,

                       Plaintiff,

         - against -

1199 SEIU UNITED HEALTHCARE
WORKERS EAST,

                       Defendant

------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

10 Civ. 4524 (BMC)

**COGAN, District Judge.**

Plaintiff John C. Allen, *pro se*, brought this action in state court by notice of claim and summons, filed on September 9, 2010 against defendant 1199SEUI United Healthcare Workers East. The notice of claim stated only that the action is to "recover monies arising out of defective services rendered and breach of contract. Date of occurrence: 12-07-2009." Defendant removed the action to federal court, stating that defendant is a collective bargaining agent for, *inter alia*, health care employees of Bridge View Nursing Home – Allen's former employer – and that any entitlement to relief turns solely on the interpretation of the parties' collective bargaining agreement under 29 U.S.C. § 185.

Prior to this Court's initial status conference, defendant indicated by letter its intention to move for dismissal of the complaint based on the statute of limitations because Allen's claim could only be one for a breach of the duty of fair representation, which carries a six-month limitation. The Court held a conference on the record on October 28, 2010. The Court asked

Allen to explain why he believed he was aggrieved by defendant. In short, he responded that the defendant union reneged on its promise to support him in a dispute with his employer. Allen understood that the general statute of limitation for such an action is six months, but did not provide any reason as to why his lawsuit should be considered timely.

The Court deemed the complaint amended to state a claim for a breach of the duty of fair representation as described by Allen on the record; and it deemed defendant's letter to constitute a motion to dismiss, with Allen's opposition due by November 10, 2010. The Court explained to Allen that the case could be dismissed if he did not come up with a legally sufficient reason why he did not timely pursue his claim. After the conference, a copy of the minute entry order reflecting these rulings was mailed to Allen. In addition, defendant sent a notice to Allen pursuant to Local Rule 12.1, informing him that the case could be dismissed if he did not file a response. As of November 17, Allen has failed to oppose the motion.

"In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86, 91 (2d Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009)). "When considering motions to dismiss a *pro se* complaint . . . courts must construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (internal citations and quotation marks omitted).

The statute of limitations for claims alleging a breach of the duty of fair representation is six months. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163-66 (1983) (applying 29 U.S.C. § 160(b)'s six-month statute of limitation to a claim for breach of the duty of fair

representation). "[T]he cause of action accrue[s] no later than the time when plaintiffs knew or reasonably should have known" that a breach of the duty of fair representation had occurred. Santos v. District Council, 619 F.2d 963, 969 (2d Cir. 1980).

Allen waited nine months from the alleged breach to file his complaint in state court. He gave no indication at the conference why his complaint should be considered timely, and pointed to no set of facts that would permit tolling of the statute of limitation.

Defendant's [4] motion to dismiss is therefore granted, and plaintiff's complaint is dismissed.

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
      November 17, 2010